652 F.Supp. 425 (1987)
ST. LOUIS TEACHERS UNION, LOCAL 420, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, et al., Plaintiffs,
v.
BOARD OF EDUCATION OF the CITY OF ST. LOUIS, et al., Defendants.
No. 86-1460C(1).
United States District Court, E.D. Missouri, E.D.
January 22, 1987.
*426 *427 Bruce S. Feldacker, St. Louis, Mo., for plaintiffs.
Lashly, Baer & Hamel, Kenneth Brostron, Jeffrey J. Lowe, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.

Introduction
This matter is now before the Court on defendants' motion to dismiss plaintiffs' two-count first amended complaint for failure to state a claim upon which relief can be granted.[1] Plaintiffs' complaint springs from defendants' unilateral adoption and implementation of a new method for evaluating certain St. Louis Public School Teachers. Under the new method, certain St. Louis Public School Teachers are evaluated on the basis of their students' performance on the California Achievement Test (CAT).
Count I alleges that defendants' actions deprived certain St. Louis Public School Teachers of their right to equal protection of the laws, of their liberty and property without procedural due process, and of their substantive due process rights, in violation of the Fourteenth Amendment. Count II alleges that defendants' actions violated certain provisions of the "POLICY STATEMENT OF THE ST. LOUIS BOARD OF EDUCATION IN RELATION TO WORKING CONDITIONS FOR TEACHERS AND CERTAIN OTHER EMPLOYEES, July 1, 1985," in effect between the St. Louis Teachers Union, Local 420, and the Board of Education of the City of St. Louis. The Court finds that plaintiffs state a claim for deprivation of their property  salary advancement  without procedural due process and for deprivation of their substantive due process rights. The Court finds that plaintiffs do not state a claim for deprivation of their liberty without procedural due process and for deprivation of their right to equal protection of the laws. As regards plaintiffs' claims concerning Mo.Rev.Stat. § 168.221, plaintiffs are directed to file a more definite statement. Plaintiffs' Count II, a state law claim, derives from the same common nucleus of operative facts as plaintiffs' federal claims, and is therefore within the pendent jurisdiction of the Court. Accordingly, defendants' motion to dismiss is granted in part and denied in part.

Parties
Plaintiffs McNeal, Bolar, Geyer, Grimes, Henderson, Jones, and King (McNeal, et al.), and plaintiffs Anderson, Zeuty, Nevels, and Tyler, (Anderson, et al.), are tenured St. Louis Public School Teachers who, at the conclusion of the 1985-86 school year, each received a preliminary "unsatisfactory" teacher evaluation rating allegedly based solely or in substantial part upon their students' scores on the California Achievement Test. Plaintiffs Anderson, et al., each received a final "unsatisfactory" teacher evaluation rating based solely or in substantial part upon their students' scores on the California Achievement Test. Plaintiffs McNeal, et al., and plaintiffs Anderson, et al., bring this action on behalf of themselves and on behalf of the similarly situated classes of teachers who received *428 such preliminary or final "unsatisfactory" ratings allegedly based solely or in substantial part on the CAT. Plaintiff St. Louis Teachers Union, Local 420, AFL-CIO, is the labor organization which represents St. Louis Public School Teachers. Plaintiff Union and defendant Board of Education of the City of St. Louis negotiated the POLICY STATEMENT. Plaintiffs White, Graham, Finneran, and Jackson are members and officers of plaintiff Union. They bring this action on behalf of themselves and on behalf of the class of teachers who are members of plaintiff Union who are now or may be aggrieved by defendants' actions complained of in the complaint.
Defendants are the Board of Education of the City of St. Louis, the members of the Board of Education, and Dr. Jerome B. Jones, Superintendent of Schools of the St. Louis Public School System, appointed by defendant Board of Education.

Evaluation of Teachers Pursuant to the California Achievement Test
On April 22, 1985, defendant Dr. Jones by letter informed all St. Louis Public School Principals and Teachers, inter alia, that it was "reasonable, fair and proper that mean achievement of [St. Louis Public School] students, as reflected on validated tests [i.e. the California Achievement Test], as evidence of central tendencies among [St. Louis Public School] students, be a major consideration to be weighed when evaluating the performance of staff." Thereafter, Dr. Jones issued: "GUIDELINES FOR USING THE CALIFORNIA ACHIEVEMENT TEST RESULTS IN EVALUATING TEACHERS FOR THE 1985-86 SCHOOL YEAR."
The GUIDELINES establish three indices to be used to evaluate teachers based upon students' achievement in reading, language, and mathematics. The outcomes on these three indices are required to be included as part of the evaluation of English language, communications, and mathematics teachers. "Teacher performance in planning, motivating and instructing students in a given academic area (reading, language, or mathematics):" (1) is required to "be deemed satisfactory [only] if student performance on at least two of the three indices for the academic area are positive;" (2) is required to "be deemed in need of improvement if student performance on only one of the three indices for the academic area is positive; and there are no mitigating circumstances;" and (3) is required to "be deemed unsatisfactory if student performance on none of the three indices for the academic area is positive; and there are no mitigating circumstances."
The GUIDELINES contain a section captioned: "The Presence of Mitigating Circumstances Must be Documented." This section states, inter alia: "If the principal believes the teacher's rating to be too low due to mitigating circumstances beyong the control of the teacher, the overall rating may be improved.... [T]he principal shall note in detail the specific factors which have had a negative effect on the rating of the teacher, for which the teacher should not be held accountable, and enter a final rating." The remainder of the section refers to statistical anomolies applicable to advanced seventh- and eighth-graders and to repeater first-graders. The section does not delineate what other possible mitigating circumstances could constitute "specific factors" which could have a "negative effect on the rating of the teacher."

Plaintiffs' Claims
Plaintiffs allege that defendants evaluated St. Louis Public School English language, communications, and mathematics teachers for the 1985-86 school year pursuant to defendants' GUIDELINES. Plaintiffs allege that, solely or in substantial part on the basis of their students' CAT scores, plaintiffs McNeal, et al., and plaintiffs Anderson, et al., and the classes they represent, received preliminary "unsatisfactory" teacher evaluation ratings for the 1985-86 school year.
Plaintiffs allege that defendants thereafter unilaterally adopted and implemented an unwritten procedure pursuant to which defendant Jones reviewed the evaluations *429 only of those teachers who received preliminary "unsatisfactory" teacher evaluation ratings, namely plaintiffs McNeal, et al., and Anderson, et al., and the classes they represent. Defendant Jones required plaintiffs McNeal, et al.'s and plaintiffs Anderson, et al.'s principals to provide documentation of plaintiffs McNeal, et al.'s and plaintiffs Anderson, et al.'s deficiencies in areas other than their students' CAT scores. If the principal was able to document other deficiencies, then the subject plaintiff received a final "unsatisfactory" teacher evaluation rating. If the principal was not able to document other deficiencies, then the subject plaintiff received a final "satisfactory" teacher evaluation rating. After this reevaluation, plaintiffs McNeal, Bolar, Geyer, Henderson, Jones, and King received final "satisfactory" teacher evaluation ratings. After this reevaluation, plaintiffs Anderson, Zeuty, Nevels, and Tyler received final "unsatisfactory" teacher evaluation ratings.
Plaintiffs allege that, but for their students' CAT scores and the resultant negative indices on defendants' GUIDELINES, (1) plaintiffs McNeal, et al., would have received preliminary "satisfactory" teacher evaluation ratings for the 1985-86 school year, and (2) plaintiffs Anderson, et al., would have received preliminary and final "satisfactory" teacher evaluation ratings for the 1985-86 school years.
Plaintiffs allege that the CAT was not designed for use as, and has not been validated for use as, a teacher evaluation tool. Plaintiffs allege that the CAT given to St. Louis Public School students was ten years old and normed in 1977, thereby invalidating the three indices of student achievement used to evaluate teachers. Plaintiffs allege that the indices themselves contain technical problems making them unreliable indicators of how much teacher performance affected student performance.
Plaintiffs allege that this use of the CAT is a patent misuse of the CAT and that defendants acted arbitrarily, capriciously, and irrationally: in deciding to evaluate teachers on the basis of the CAT, in adopting and implementing defendants' GUIDELINES, and in evaluating teachers on the basis of the CAT.
Plaintiffs allege that in the 1985-86 school year 52.6% of St. Louis Public School teachers were employed in schools designated as "non-integrated" in the Liddell v. Board of Education of St. Louis litigation, but that 68% of the teachers who received final "unsatisfactory" teacher evaluation ratings were employed in such "non-integrated" schools. Plaintiffs do not set forth how this disproportionate impact violates plaintiffs' constitutional rights.
Plaintiffs allege that, because plaintiffs Anderson, Zeuty, Nevels, and Tyler, and the class they represent, received final "unsatisfactory" teacher evaluation ratings for the 1985-86 school year: (1) they have been placed on probation; (2) they are in jeopardy of termination under Mo.Rev.Stat. § 168.221; (3) they have suffered damage to their reputations as teachers; and (4) they have been denied salary advancement. Plaintiffs allege that, because plaintiffs McNeal, Bolar, Geyer, Grimes, Henderson, Jones and King, and the class they represent, received preliminary "unsatisfactory" teacher evaluation ratings for the 1985-86 school year: (1) they have suffered damage to their reputations as teachers; and (2) they have been denied salary advancement. Plaintiffs claim that defendants' actions (1) deprived plaintiffs McNeal, et al., and plaintiffs Anderson, et al., of equal protection, procedural due process, and substantive due process; and (2) breached the contract, the POLICY STATEMENT, in effect between plaintiff Union and defendant Board of Education.

Motion to Dismiss
Defendants filed a motion to dismiss plaintiffs' constitutional claims, Count I of plaintiffs' first amended complaint, for failure to state a claim upon which relief can be granted,[2] and a motion to dismiss plaintiffs' state law claims, Count II of plaintiffs' complaint, for lack of subject matter jurisdiction.
*430 In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 Wright & Miller, Federal Practice and Procedure § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102.

1. Equal Protection.

A. Evaluating Only English Language, Communications, and Mathematics Teachers on the Basis of the CAT.
Plaintiffs contend that by using students' CAT scores to evaluate English language, communications, and mathematics teachers, but not other teachers, defendants' created a classification among teachers which "is arbitrary, discriminatory and capricious in that it is not rationally related to the purpose of assuring the competency of teachers in the St. Louis Public School System and generally improving the quality of education in the School System." (Complaint, ¶ 12(A)). Plaintiffs contend that defendants thereby deprived plaintiffs who are English language, communications, and mathematics teachers of equal protection of the laws.
Plaintiffs acknowledge that assuring the competency of teachers in the St. Louis Public School System and improving the quality of education therein are legitimate state objectives. Plaintiffs have not alleged or asserted the existence of any suspect classification or the deprivation of any fundamental constitutional right.
In determining whether defendants' classification among different types of St. Louis Public School Teachers violates the equal protection clause of the Fourteenth Amendment, "the only inquiry is whether [defendants'] classifications is `rationally related to [defendants'] objective.' Massachusetts *431 Board of Retirement v. Murgia, 427 U.S. 307, 315, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976)." Harrah Independent School District v. Martin, 440 U.S. 194, 199, 99 S.Ct. 1062, 1064, 59 L.Ed.2d 248 (1979) (per curiam).[3] Plaintiffs' complaint reveals that the CAT tests students only on reading, language, and mathematics. Defendants evaluate only English language, communications, and mathematics teachers on the basis of the CAT. Defendants evaluate a teacher only on the CAT indices (reading, language, or mathematics) which correspond to the subjects which that teacher teaches (English language, communications, or mathematics). (GUIDELINES, Rating Teachers in Departmentalized Settings). Thus, defendants evaluate on the basis of the CAT only those St. Louis Public School Teachers who teach subjects on which the CAT tests students and defendants evaluate those teachers only on the CAT indices which correspond to the subjects they teach. The rationality of defendants' classification among St. Louis Public School Teachers is demonstrated by the facts alleged in the complaint. Plaintiffs can prove no set of facts which would show that defendants' classification is irrational.[4]Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102. Therefore, plaintiffs do not state a claim for deprivation of equal protection of the laws. See Harrah Independent School District v. Martin, 440 U.S. 194, 199, 99 S.Ct. 1062, 1064, 59 L.Ed.2d 248 (1979) (per curiam). Accordingly, with respect to plaintiffs' equal protection claim based upon defendants evaluating only English language, communications, and mathematics teachers on the basis of the CAT, defendants' motion to dismiss is granted.

B. Reviewing the Evaluations Only of Those Teachers Who Received Preliminary "Unsatisfactory" Teacher Evaluation Ratings.
Plaintiffs contend that by reviewing the evaluations only of those teachers who received preliminary "unsatisfactory" teacher evaluation ratings, but not the evaluations of those teachers who received preliminary "satisfactory" teacher evaluation ratings, defendants created a classification among teachers which "is arbitrary, discriminatory and capricious in that it is not rationally related to the purpose of assuring the competency of teachers in the St. Louis Public School System and generally improving the quality of education in the School System." (Complaint, ¶ 12(A)). Plaintiffs contend that defendants thereby deprived plaintiffs who received preliminary "unsatisfactory" teacher evaluation ratings of equal protection of the laws.
As plaintiffs allege, the purpose of this review was to determine if there was any documentation of the subject teacher's deficiency other than the CAT. Obtaining documentation of deficiency to support an "unsatisfactory" rating is only necessary for teachers who in fact received an "unsatisfactory" rating. The rationality of reviewing the evaluations only of those teachers who received preliminary "unsatisfactory" ratings in order to determine if an "unsatisfactory" rating could be documented is established by the facts alleged in the complaint. Plaintiffs can prove no set of facts which would show that defendants' classification is irrational. Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102. Therefore, plaintiffs do not state a claim *432 for deprivation of equal protection of the laws. See Harrah Independent School District v. Martin, 440 U.S. 194, 199, 99 S.Ct. 1062, 1064, 59 L.Ed.2d 248 (1979) (per curiam). Accordingly, with respect to plaintiffs' equal protection claim based upon defendants reviewing the evaluations only of those teachers who received preliminary "unsatisfactory" teacher evaluation ratings, defendants' motion to dismiss is granted.

2. Procedural Due Process.
Plaintiffs contend that, by using the CAT as a basis for preliminary and final "unsatisfactory" teacher evaluation ratings for certain plaintiffs, defendants: (1) damage those plaintiffs' good names and reputations as teachers without procedural due process  notice and a hearing; (2) deprive those plaintiffs of their property right to salary advancement without procedural due process; and (3) label probationary teacher plaintiffs as "incompetent" and tenured teacher plaintiffs as "inefficient," without substantial evidence of their "incompetency" or "inefficiency" within the meaning of Mo.Rev.Stat. § 168.221, subdivisions 1 and 3, respectively, and without providing them with specific notice as to the actual nature of their "incompetency" or "inefficiency" as required by Mo.Rev. Stat. § 168.221, subdivisions 1 and 3, respectively, thereby placing those plaintiffs on probation and putting them in jeopardy of termination without procedural due process.[5]

A. Liberty Interest.
On the basis of their students' CAT scores, certain plaintiffs received "unsatisfactory" teacher evaluation ratings.[6] The due process clause of the Fourteenth Amendment requires that the government afford a person notice and hearing if the government imposes a "`stigma or other disability' that damages a person's standing in the community or forecloses a person's `freedom to take advantage of other employment opportunities'." Raposa v. Meade School District 46-1, 790 F.2d 1349, 1354 (8th Cir.1986) (quoting Board of Regents v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972)). However, "a statement that is basically one alleging conduct that fails to meet professional standards is a statement which does not impinge upon a liberty interest." Raposa, 790 F.2d at 1354.[7]See Norbeck v. Davenport Community School District, 545 F.2d 63, 69 (8th Cir.1976), cert. denied, 431 U.S. 917, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977).[8]
Defendants evaluated certain plaintiffs and rated them "unsatisfactory" for the 1985-86 school year. Defendants' statement that those plaintiffs performed unsatisfactorily for the 1985-86 school year is a statement that those plaintiffs did not meet professional standards for that year. As such, defendants' statement that those plaintiffs' performance was "unsatisfactory" does not impinge upon those plaintiffs' liberty interests. Raposa, 790 F.2d at 1354. Plaintiffs have not alleged any statements by defendants which impinge *433 upon plaintiffs' liberty interests. Therefore, plaintiffs fail to state a claim for deprivation of their liberty without procedural due process. Accordingly, with respect to plaintiffs' claim that defendants deprived them of liberty without procedural due process, defendants' motion to dismiss is granted.

B. Property Rights  Salary Advancement.
Plaintiffs allege that they had a property right to salary advancement under POLICY STATEMENT Article XXIV.A.1. Appendix B. Plaintiffs allege that at the end of the school year, but for their preliminary or final "unsatisfactory" teacher evaluation ratings and Article XXIV.B., plaintiffs would have received salary advancement under Article XXIV.A.1. Appendix B. Plaintiffs contend that, by rating them "unsatisfactory" on the basis of the CAT, defendants deprived plaintiffs of their property  salary advancement  without procedural due process.
The POLICY STATEMENT, Article XXIV.A.1. Appendix B., provides four salary schedules for tenured and probationary teachers. A teacher is paid pursuant to the salary schedule which corresponds with her level of educational achievement. Within each schedule there are ten (10) "steps." The "steps" are incremental salary increases  salary advancement  within the salary schedule.
The POLICY STATEMENT, Article XXIV.B., further provides:
Advancement on the salary schedule requires a minimum of one semester or one hundred days of satisfactory service in the school year previous to the advancement.
The POLICY STATEMENT does not contain any provision regarding the procedure by which teachers receive or become entitled to salary advancement. The POLICY STATEMENT does not state whether teachers have a right to salary advancement upon meeting certain conditions. Article XXIV.B. merely provides that teachers cannot receive salary advancement if they do not receive a "satisfactory" teacher evaluation rating for the previous school year.
If St. Louis Public School Teachers do not have a right or legitimate claim of entitlement, "based upon Missouri law, [the] express contract, or common `understandings' derived from the employer-employee relationship," Derrickson v. Board of Education of City of St. Louis, 703 F.2d 309, 312 (8th Cir.1983), to salary advancement, then plaintiffs' claim that they were denied a property right, by being rated "unsatisfactory," without procedural due process will fail. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 600-603, 92 S.Ct. 2694, 2699-2700, 33 L.Ed.2d 570 (1972); Derrickson v. Board of Education of City of St. Louis, 703 F.2d 309, 312 (8th Cir. 1983). In contrast, if plaintiffs can establish that they had a right or legitimate claim of entitlement to salary advancement, then plaintiffs had a right not to be deprived of that property, by being rated "unsatisfactory," without procedural due process. Id.
The POLICY STATEMENT does not appear to give plaintiffs a right to salary advancement at the end of the 1985-86 school year. However, plaintiffs may have a legitimate claim of entitlement to salary advancement based upon a common understanding with defendants, Derrickson, 703 F.2d 309, 312 (8th Cir.1983), or upon some other ground not appearing in the contract. Perry v. Sindermann, 408 U.S. at 599-603, 92 S.Ct. at 2700. See Skeets v. Johnson, 805 F.2d 767, 770 (8th Cir.1986). Plaintiffs allege that they had a right to salary advancement at the end of the 1985-86 school year and that they were denied that right without procedural due process. Thus, plaintiffs state a claim for deprivation of their property  salary advancement  without procedural due process. Accordingly, with respect to plaintiffs' claim that they were denied salary advancement without procedural due process, *434 defendants' motion to dismiss is denied.

C. Property Rights  Mo.Rev.Stat. § 168.221.
Defendants' motion to dismiss does not address whether plaintiffs state a constitutional claim concerning Mo.Rev.Stat. § 168.221. However, the Court believes that the interests of justice require that the Court assess whether plaintiffs state a constitutional claim concerning Mo.Rev.Stat. § 168.221. See 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 593 (1969).
Plaintiffs allege that on the basis of their "unsatisfactory" ratings, defendants notified probationary teacher plaintiffs of their "incompetency" under Mo.Rev.Stat. § 168.221, subdivision 1. Plaintiffs allege that on the basis of their final "unsatisfactory" rating, defendants notified plaintiffs Anderson, et al., and the class of tenured teachers which they represent, of their "inefficiency," under Mo.Rev.Stat. § 168.221, subdivision 3. Plaintiffs allege that this placed these teachers on one semester probation. Plaintiffs allege that these teachers are now in jeopardy of termination under Mo.Rev.Stat. § 168.221, subdivisions 1 and 3.
POLICY STATEMENT Article XVII.D.[9] provides the evaluation procedures for both tenured and probationary teachers. Article XVII.D. does not provide that a teacher who receives an "unsatisfactory" rating is automatically placed on probation under Mo.Rev.Stat. § 168.221. However, Mo. Rev.Stat. § 168.221, subdivision 1, provides in pertinent part:
During the probationary period any probationary teacher or principal whose work is unsatisfactory shall be furnished by the superintendent of schools with a written statement setting forth the nature of his incompetency.
Mo.Rev.Stat. § 168.221, subdivision 1. Thus, probationary teachers who are rated "unsatisfactory" must be furnished with a "statement setting forth the nature of [their] incompetency." Mo.Rev.Stat. § 168.221, subdivision 1, further provides that if the probationary teacher does not improve to the satisfaction of the superintendent within one semester, then the probationary teacher "shall be dismissed." Id. If the superintendent, on the basis of the "unsatisfactory" ratings of probationary teachers, furnished those probationary teachers with "written statement[s] setting forth the nature of [their] incompetency," then those probationary teachers are on probation.
As to probationary teachers, plaintiffs allege that they were placed on probation, but did not attach the written statement from the superintendent setting forth the nature of their incompetency. It is possible that the "unsatisfactory" evaluation rating forms themselves qualify as and satisfy the Mo.Rev.Stat. § 168.221, subdivision 1, written statement requirement. However, it is unclear if defendants have, in fact, placed probationary teacher plaintiffs on one semester probation, initiated Mo.Rev.Stat. § 168.221, subdivision 1, or *435 put probationary teachers in jeopardy of termination.[10]
As to tenured teachers, Mo.Rev.Stat. § 168.221, subdivision 3, provides in pertinent part:
Inefficiency in the line of duty is cause for dismissal only after the teacher or principal has been notified in writing at least one semester prior to the presentment of charges against him by the superintendent. The notification shall specify the nature of the inefficiency with such particularity as to enable the teacher or principal to be informed of the nature of his inefficiency.
Mo.Rev.Stat. § 168.221, subdivision 3. In contrast to subdivision 1 of Mo.Rev.Stat. § 168.221, subdivision 3 thereof does not require that the superintendent notify tenured teachers that they are inefficient solely on the basis of an "unsatisfactory" rating. The superintendent is not required to initiate the one semester probation process of Mo.Rev.Stat. § 168.221, subdivision 3, for tenured teachers solely on the basis of an "unsatisfactory" rating. Rather, Mo. Rev.Stat. § 168.221, subdivision 3, provides that the superintendent cannot dismiss a tenured teacher for inefficiency in the line of duty unless the superintendent opts to notify the teacher, and does notify the teacher, of the teacher's inefficiency one semester in advance of dismissal. Id.
By the first amended complaint, it is now clear that only plaintiffs Anderson, et al., and the class of teachers which they represent, have been notified of their "inefficiency," placed on probation, or put in jeopardy of termination under Mo.Rev.Stat. § 168.221, subdivision 3. Plaintiffs McNeal, et al., and the class of tenured teachers which they represent, can make no claim regarding Mo.Rev.Stat. § 168.221, subdivision 3, and cannot claim they were placed on probation or put in jeopardy of termination.
Further, as to both probationary and tenured teachers, the complaint is unclear as to the nature of plaintiffs' constitutional challenges regarding the use of the CAT in relation to Mo.Rev.Stat. § 168.221. The Court cannot discern whether plaintiffs are claiming that defendants are violating the statute in a way that deprives plaintiffs of constitutional rights, or whether plaintiffs are claiming that defendants' other constitutional violations caused plaintiffs damage by the operation of the statute (i.e. by being placed on probation and by being put in jeopardy of termination), or whether plaintiffs are claiming something else. Accordingly, as to plaintiffs' claims regarding the initiation of Mo.Rev.Stat. § 168.221 and plaintiffs being placed on probation and being put in jeopardy of termination, plaintiffs are directed to file a more definite statement of their claim within fifteen (15) days of this date.

3. Substantive Due Process.
Plaintiffs contend that defendants acted arbitrarily, capriciously, and irrationally in evaluating and rating teachers on the basis of their students' CAT scores. Plaintiffs contend that defendants thereby deprived them of their substantive due process rights by evaluating them, and by rating them as "unsatisfactory," either preliminarily or finally, on the basis of their students' CAT scores.
Teachers have a substantive due process right to be free from arbitrary, capricious, and irrational action on the part of their government employers in relation to their teaching positions. Moore v. Warwick Public School District No. 29, 794 F.2d 322, 329 (8th Cir.1986) (citing Harrah Independent School District v. Martin, 440 U.S. 194, 199, 99 S.Ct. 1062, 1064, 59 L.Ed.2d 248 (1979)). Plaintiffs allege that, and Dr. Berk's affidavits attached to plaintiffs' first amended and original complaints strenuously assert that, defendants acted arbitrarily, capriciously, and irrationally by evaluating teachers, and by rating them as "unsatisfactory," on the basis of their students' CAT scores.[11] Therefore, plaintiffs *436 state a claim for a deprivation of their substantive due process right to be free from arbitrary, capricious, and irrational action on the part of their government employers in relation to their teaching positions. Moore v. Warwick, 794 F.2d 322, 329 (8th Cir.1986).[12] Accordingly, with respect to plaintiffs' claim for deprivation of their substantive due process rights, defendants' motion to dismiss is denied.

4. State Law Breach of Contract.
Plaintiffs allege that defendants' action in adopting and implementing the GUIDELINES, and in evaluating teachers pursuant thereto, violated various provisions of the POLICY STATEMENT. Plaintiffs' state law breach of contract claim derives from the same common nucleus of operative facts as plaintiffs' federal claims. Therefore, plaintiffs' state law claim is within the pendent jurisdiction of the Court. Accordingly, defendants' motion to dismiss plaintiffs' state law claim for lack of subject matter jurisdiction is denied. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

5. Paragraph 12(C) of Plaintiffs' First Amended Complaint.
In paragraph 12(C) of their first amended complaint, plaintiffs allege that a disproportionate number of St. Louis Public School teachers who received final "unsatisfactory" teacher evaluation ratings were employed in schools designated as "non-integrated" in the Liddell v. Board of Education of St. Louis litigation. Plaintiffs do not set forth how this disproportionate impact violates plaintiffs' constitutional rights, as distinguished from St. Louis Public School students' constitutional rights. Accordingly, unless plaintiffs file within fifteen (15) days of the date of this order allegations explaining how this disproportionate impact violates plaintiffs' constitutional rights, the Court will order paragraph 12(C) stricken from the complaint as immaterial, impertinent, and scandalous matter. See Fed.R.Civ.P. 12(f).

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendants' motion to dismiss be and is granted in part and denied in part.
IT IS FURTHER ORDERED that, with respect to plaintiffs' equal protection claims, defendants' motion to dismiss be and is granted.
IT IS FURTHER ORDERED that, with respect to plaintiffs' deprivation of liberty without procedural due process claim, defendants' motion to dismiss be and is granted.
IT IS FURTHER ORDERED that, with respect to plaintiffs' deprivation of property  salary advancement  without procedural due process claim, defendants' motion to dismiss be and is denied.
IT IS FURTHER ORDERED that, with respect to plaintiffs' substantive due process claim, defendants' motion to dismiss be and is denied.
IT IS FURTHER ORDERED that, with respect to plaintiffs' state law claim, defendants' motion to dismiss for lack of subject matter jurisdiction be and is denied.
IT IS FURTHER ORDERED that, with respect to plaintiffs' claim regarding Mo. Rev.Stat. § 168.221, plaintiffs be and are directed to file a more definite statement of their claim within fifteen (15) days of the date of this order.
*437 IT IS FURTHER ORDERED that, with respect to paragraph 12(C) of plaintiffs' first amended complaint, unless plaintiffs file within fifteen (15) days of the date of this order explanatory allegations, paragraph 12(C) shall be stricken from the first amended complaint as immaterial, impertinent, and scandalous matter.
NOTES
[1] Defendants filed a motion to dismiss plaintiffs' original complaint. Before the Court could rule thereon, plaintiffs filed their first amended complaint. Defendants thereupon refiled their original motion to dismiss. See footnote 2, infra. In their original complaint, plaintiffs alleged that certain tenured teacher plaintiffs had been labeled "inefficient" and placed on probation on the basis of "unsatisfactory" teacher evaluation ratings. See Mo.Rev.Stat. § 168.221, subdivision 3. Subsequent to the filing of the complaint, certain tenured teacher plaintiffs received formal notices of "inefficiency" on the basis of the "unsatisfactory" ratings. Thus, plaintiffs realized that the allegation in their original complaint was erroneous. Essentially, the first amended complaint corrects this error. Defendants' grounds for their motion to dismiss remain the same.
[2] By their motion to dismiss plaintiffs' first amended complaint, defendants refiled their motion to dismiss plaintiffs' original complaint. To their original motion to dismiss, defendants attached the three-page affidavit of Dr. Jones. Dr. Jones' affidavit speaks to the rationality of evaluating teachers on the basis of their students' CAT scores. Defendants also argue that "summary judgment is appropriate" in this case. (Defendants' Reply Brief, p. 9). To their original complaint, plaintiffs attached, inter alia, a six-page affidavit of Dr. Ronald A. Berk, Professor of Educational Research at the Johns-Hopkins University. To their first amended complaint plaintiffs attached, inter alia, another six-page affidavit of Dr. Berk. To their original opposition to defendants' motion to dismiss, plaintiffs attached, inter alia, a three-page affidavit from Dr. Berk, four affidavits from St. Louis Public School Teachers, and an affidavit from the President of the St. Louis Teachers Union, who is also a St. Louis Public School Teacher. To their original supplemental motion in opposition, plaintiffs attached a portion of Dr. Jones' deposition.

As regards plaintiffs' substantive due process claim, the Court would not be able to find on the basis of Dr. Jones' affidavit that defendants had demonstrated the absence of a genuine issue of material fact as to whether defendants' use of the CAT to evaluate teachers was "arbitrary and capricious state action." Moore v. Warwick Public School District No. 29, 794 F.2d 322, 329 (8th Cir.1986). See Celotex Corp. v. Catrett, ___ U.S. ___, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., ___ U.S. ___, 106 S.Ct. 1348, 1356-1357, 89 L.Ed.2d 538 (1986). Accordingly, the Court declines to treat defendants' motion to dismiss as a motion for summary judgment under Fed.R.Civ.P. 56, despite the fact that both parties presented matters outside the pleadings. See Fed.R.Civ.P. 12(b). Cf. Court v. Hall County, Nebraska, 725 F.2d 1170, 1172 (8th Cir.1984). Rather, the Court chooses to exclude the matters presented outside the pleadings from consideration herein. See Fed. R.Civ.P. 12(b). Thus, in determining whether plaintiffs' first amended complaint states a claim for deprivation of substantive due process, the Court will consider only plaintiffs' first amended complaint, its attachments, and the attachments to the original complaint.
[3] Plaintiffs' complaint recognizes that defendants' classification among teachers should be evaluated pursuant to a rational basis test. (Complaint, ¶ 12A).
[4] To the extent plaintiffs assert, in their equal protection claim, that evaluating teachers pursuant to their students' CAT scores is not rationally related to achieving defendants' objectives, plaintiffs' equal protection claim collapses into plaintiffs' substantive due process claim. See Harrah Independent School District v. Martin, 440 U.S. 194, 197-200, 99 S.Ct. 1062, 1063-1065, 59 L.Ed.2d 248 (1979) (per curiam); Moore v. Warwick Public School District No. 29, 794 F.2d 322, 329 (8th Cir.1986). Accordingly, in evaluating plaintiffs' equal protection claim, the Court considers only the rationality of defendants' classification. The Court will consider the rationality of evaluating teachers pursuant to their students' CAT scores under the rubric of substantive due process.
[5] None of the named plaintiffs are probationary teachers. Whether any probationary teachers received preliminary or final "unsatisfactory" teacher evaluation ratings or have been labeled "incompetent" on the basis of an "unsatisfactory" rating is unclear. See Mo.Rev.Stat. § 168.221, subdivision 1.
[6] Plaintiffs allege that on the basis of these "unsatisfactory" ratings, defendants labeled certain plaintiffs "inefficient" or "incompetent." For clarity, the Court will refer only to "unsatisfactory" in the text. The Court's conclusions as to "unsatisfactory" apply to "inefficient" and "incompetent." Raposa v. Meade School District 46-1, 790 F.2d 1349, 1354 (8th Cir.1986).
[7] In Raposa, the Eighth Circuit held that statements that plaintiff, a teacher, had: reported child abuse, failed to use Weekly Readers, did not teach required subjects, did not cooperate with other teachers, could not accept criticism from parents, failed to supervise students, and created dissention in the community, did not implicate plaintiff's liberty interest. 790 F.2d at 1351 & 1354.
[8] In Norbeck, the Eighth Circuit held that a statement that plaintiff, a school principal, had a conflict of interest did not implicate plaintiff's liberty interest. 545 F.2d at 69.
[9] Evaluation.
1. Tenured Teachers
a. Tenured teachers shall be evaluated every year. The period evaluated shall cover the employee's assigned year.
b. Before making an unsatisfactory evaluation in the instruction areas which is to become part of a teacher's personnel file, the principal, after adequate observation and consultation, shall provide the teacher with written suggestions for improvement. The principal's decision shall be well documented after consultation with the teacher.
2. Probationary Teachers
a. Probationary teachers shall be evaluated three times each year.
b. Probationary teachers shall be notified of their status for the following school year by April 15.
3. Responsibility for Evaluation
* * * * * *
4. Suggestions for Improvement
* * * * * *
5. Written Response
* * * * * *
6. Standards and Criteria
* * * * * *
7. Revision of Evaluation Form
* * * * * *
[10] See footnote 5, supra.
[11] As noted in footnote 2, supra, Dr. Jones' affidavit is not sufficient to demonstrate the absence of a genuine issue of material fact as to whether defendants' use of the CAT to evaluate teachers is arbitrary, capricious, and irrational. Thus, for the purposes of defendants' motion to dismiss, plaintiffs' allegation stands unrebutted.
[12] Whether defendants deprived plaintiffs of their property  salary advancement  without procedural due process by rating them "unsatisfactory" on the basis of the CAT is a separate question from whether defendants deprived plaintiffs of their substantive due process rights by acting arbitrarily, capriciously, and irrationally by rating them "unsatisfactory" on the basis of the CAT. Moore v. Warwick, 794 F.2d at 326-328 & 329-330.