Edward **CAMPBELL**,
Plaintiff, Appellant,

v.

**STATE OF MAINE**, et al.,
Defendants, Appellees.

No. 85–1865.

United States Court of Appeals,
First Circuit.

Argued March 5, 1986.

Decided April 3, 1986.

---

David J. Corson, Yarmouth, Me., with whom Tristine Grimes Smith, Portland, Me., was on brief, for plaintiff, appellant.

Randall B. Weill with whom John J. Flaherty, Preti, Flaherty & Beliveau, Christopher L. Vaniotis, John M.R. Paterson, Bernstein, Shur, Sawyer & Nelson, Robert F. Hanson, Robert W. Bower, Jr. and Norman & Hanson, Portland, Me. were on brief, for defendants, appellees Bruce E. Benway, Town of Freeport, Herman J. Boudreau and Paul Hunter.

Robert S. Frank, Asst. Atty. Gen., with whom James E. Tierney, Atty. Gen., Augusta, Me., and Eaton, Peabody, Bradford & Veague, P.A., Bangor, Me. were on brief, for defendants, appellees Marvin Jones, Eugene Beaulieu, Alfred Howes, John Gleason, State of Me. and Dale A. Gauthier.

Before COFFIN and BREYER, Circuit Judges, and MALETZ,* Senior Judge.

PER CURIAM.

Plaintiff-appellant Edward Campbell, a former sergeant in the Freeport, Maine police department, appeals from the district court's grant of summary judgment to all defendants in this civil rights action. The defendants-appellees include police officials, prosecutors, municipal officials, and the Town of Freeport. The complaint, brought under 42 U.S.C. § 1983 (1982), asserted three claims: (1) that the defendants conspired to impede Campbell's efforts to unionize the police force by use of a payroll padding scheme designed to buy the cooperation of Freeport officials; (2) that the defendants framed Campbell and brought about his conviction for breaking and entering the Old Town High School; and (3) that the defendants, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), covered up evidence tending to exonerate Campbell in connection with his motion for a new trial.

Following the recommendation of the magistrate, the district court, in a detailed and well-reasoned opinion, entered summary judgment for the defendants. The court found Campbell's first claim barred by a release he executed during his incarceration for breaking and entering. On the second claim, the court held that Campbell had had a full opportunity and ample incentive to litigate the merits during his criminal trial, thus barring relitigation of the issue. *See Allen v. McCurry,* 449 U.S. 90, 103–04, 101 S.Ct. 411, 419–20, 66 L.Ed.2d 308 (1980); *Siano v. Justices of Massachusetts,* 698 F.2d 52, 57 n. 6 (1st Cir.), *cert. denied,* 464 U.S. 819, 104 S.Ct. 80, 78 L.Ed.2d 91 (1983). Finally, the court held that Campbell's *Brady* claim must fail because the *Brady* duty rests exclusively on prosecutors, and they are shielded from civil liability under the absolute immunity of *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

■ On appeal, Campbell asserts that the district court misread his complaint as stating claims for deprivation of property, when the gist of his allegations was depri-

* Of the United States Court of International    Trade, sitting by designation.

vation of liberty. Even were we to accept Campbell's assignment of error, it would be irrelevant, since the defenses recognized by the district court bar a liberty claim as effectively as they would bar a property claim.

■ As to his *Brady* claim, Campbell urges us to carve out a bad faith exception to *Imbler v. Pachtman.* By its terms, *Imbler* contemplates no exception so long as the prosecutor is initiating a prosecution or presenting a state's case. 424 U.S. at 430–31, 96 S.Ct. at 995. *See generally Harlow v. Fitzgerald,* 457 U.S. 800, 811 n. 16, 102 S.Ct. 2727, 2734 n. 16, 73 L.Ed.2d 396 (1982). Moreover, *Imbler* rejected a suggestion that the prosecutor's immunity be reduced to a qualified one when he is alleged to have withheld exculpatory information. 424 U.S. at 431–32 n. 34, 96 S.Ct. at 995–96 n. 34. We decline Campbell's invitation to walk where the Supreme Court has explicitly refused to tread. *See Hilliard v. Williams,* 540 F.2d 220, 221 (6th Cir.1976) (prosecutor immune despite withholding exculpatory FBI report); *cf. Martinez v. Winner,* 771 F.2d 424, 438 (10th Cir.1985) (immunity covers nondisclosure connected to presentation of government's case and to judicial process, but not action taken to cover up wrongs in order to avoid personal liability in subsequent non-criminal proceeding).

■ Finally, Campbell argues that the district court erred in treating his claims piecemeal, rather than examining his complaint as an indivisible unit alleging a master conspiracy to discredit and harass him. We fail to see, however, why the defendants would not be entitled to summary judgment when each claim in the complaint is legally infirm. In this case, the whole is emphatically not greater than the sum of its parts.

Accordingly, and for substantially the reasons set forth in the opinion below, the judgment of the district court is

*Affirmed.*