ROBERT D. ZAPF, District Attorney Kenosha County
You ask whether the police may prevent a district attorney from inspecting their investigation files on pending criminal cases to determine whether there is exculpatory evidence which must be disclosed to the defendant.
It is my opinion that the police may justifiably close their files to the district attorney only in those exceptional instances in which a compelling need to maintain secrecy outweighs the constitutional and statutory considerations ordinarily demanding access.
Due process requires the prosecution to disclose material evidence favorable to a defendant. Pennsylvania v. Ritchie,107 S.Ct. 989, 1001 (1987); Brady v. Maryland, 373 U.S. 83, 87
(1963); State v. Ruiz, 118 Wis.2d 177, 187-88, 347 N.W.2d 352
(1984). This does not mean that either litigation or investigation files must be relinquished for a defendant's unsupervised perusal. Pennsylvania v. Ritchie, 107 S.Ct. at 1003;United States v. Bagley, 473 U.S. 667, 675 (1985); Moore v.Illinois, 408 U.S. 786, 795 (1972). But the prosecution must deliver specific information to a defendant when there is a reasonable probability that the information would change the result of a criminal proceeding. Pennsylvania v. Ritchie,107 S. Ct. at 1001; United States v. Bagley, 473 U.S. at 675-76, 682.
The responsibility for disclosure, although primarily that of the district attorney, is shared by the police. See Walker v.Lockhart, 763 F.2d 942, 958 (1985), cert. denied, 106 S.Ct. 3332
(1986). The police need not reveal exculpatory evidence directly to a defendant, but they must make it available to the district attorney so he can discharge his responsibility to insure that those he chooses to prosecute are convicted fairly. Campbell v.Maine, 632 F. Supp. 111, 121 *Page 263 
(D. Me. 1985), affd, 787 F.2d 776 (1st Cir. 1986). See Walker v.Lockhart, 763 F.2d at 958.
The district attorney, however, cannot blindly rely on the police to provide him with any exculpatory evidence they might have. Carey v. Duckworth, 738 F.2d 875, 877-78 (7th Cir. 1984). The failure to disclose exculpatory evidence cannot be excused because the police rather than the prosecutor are at fault.United States ex rel. Smith v. Fairman, 769 F.2d 386, 391-92 (7th Cir. 1985); Walker v. Lockhart, 763 F.2d at 957-58; Barbee v.Warden, Maryland Penitentiary, 331 F.2d 842, 846 (4th Cir. 1964). Regardless of the moral or ethical culpability of the district attorney, suppression of exculpatory evidence in the possession of the police undermines the result of any proceeding in which the evidence was unavailable to the accused. Id. If the district attorney has reason to believe that the police are in possession of exculpatory evidence, therefore, he must take the initiative and obtain the evidence from them. Carey v. Duckworth,738 F.2d at 878. See United States ex rel. Smith v. Fairman,769 F.2d at 391-92; Walker v. Lockhart, 763 F.2d at 957-59. Cf. Jones v.State, 69 Wis.2d 337, 348-49, 230 N.W.2d 677 (1975) (to comply with statutory discovery requirements prosecutor must acquire all evidence in possession of state investigative agencies).
In the vast majority of cases I would expect the police to voluntarily cooperate with the prosecutor in discharging their mutual obligation to discover and disclose exculpatory evidence. A simple request, therefore, will usually be sufficient to secure police files for this purpose.
A prosecutor, however, has no authority to order the police to surrender their files. See sec. 62.09 (13)(a), Stats. (police must follow orders of mayor and common council). And in those rare cases in which the police refuse to relinquish them to the prosecutor, he must resort to more formal means of obtaining papers in the possession of others.
A subpoena is the most expeditious legal means of acquiring police files. See Jones v. State, 69 Wis.2d at 349-50. See alsoPennsylvania v. Ritchie, 107 S.Ct. at 994. But even a subpoena does not create an absolute right to acquire the documents it demands. A court may quash or modify a subpoena on motion of the recipient if it is "unreasonable and oppressive." Sec. 805.07
(3), Stats. In *Page 264 
determining whether a subpoena is unreasonable, the court must balance the intensity of the litigant's need for the material against the extent of any harm which would be caused by its production. Dow Chemical Co. v. Allen, 672 F.2d 1262, 1268-70
(7th Cir. 1982) (and authorities cited).
It is not possible to catalogue the exceptional situations in which a district attorney may be foreclosed from acquiring police investigation files. The balance in each case must be struck on the basis of its particular facts. Dow Chemical Co. v. Allen,672 F.2d at 1269. Some examples of extraordinary situations in which access might be denied, however, are those where the district attorney himself is the target of the police investigation, where the files contain classified national security information, or where there is valid reason to believe that the district attorney will needlessly divulge sensitive information other than the specific evidence the defendant is lawfully entitled to receive.
In making its determination whether a subpoena should be honored, the court may examine the desired documents in camera to balance a defendant's right to disclosure of exculpatory evidence against a contravening public interest in maintaining confidentiality. Pennsylvania v. Ritchie, 107 S.Ct. at 1003-04. The court may order inspection of such parts of police files as is consistent with the public interest. See Newspapers, Inc. v.Breier, 89 Wis.2d 417, 438-40, 279 N.W.2d 179 (1979). And it may issue a protective order prohibiting disclosure to persons other than those having a valid reason to review the files. DowChemical Co. v. Allen, 672 F.2d at 1269 n. 10. The defendant's interest in obtaining exculpatory evidence is fully protected by an in camera judicial review of investigation files. Pennsylvaniav. Ritchie, 107 S.Ct. at 1003-04.
DJH:TJB *Page 265