Evelyn **PEDERSEN**, Plaintiff,

v.

**RAMSEY COUNTY, Ramsey County Sheriff's Department; Ramsey County Sheriff Charles L. Zacharias; Ramsey County Chief Deputy Sheriff Thomas Falvey; George Katseres; Grace Tester; William Thompson; and Bradley Urban, Defendants.**

No. Civ. 3–86–0492.

United States District Court,
D. Minnesota,
Third Division.

Oct. 7, 1988.

---

issue of material fact. Summary judgment is granted for the defendants.

## FACTS

Evelyn Pedersen started working for the Ramsey County Sheriff's Department in September 1978. She is presently employed by the Ramsey County Sheriff's Department. This cause of action focuses on Pedersen's termination and reinstatement in late 1985.

For at least six years prior to Pedersen's termination, the Sheriff's Department had a problem with departmental employees parking their personal vehicles in unauthorized areas, including a fire lane, a railroad right of way, and private parking lots near the county's Adult Detention Center. Both Pedersen and Gerri Gibbs, another deputy sheriff, received parking tickets on or about June 13, 1985. Chief Deputy Falvey actually observed the ticketing, and other members of the department overheard Pedersen and Gibbs complaining about the matter.

On September 9, 1985, Deputy Bradley Urban reported to Sergeant William Thompson that a number of deputies had outstanding warrants for unpaid parking tickets, and that some of those warrants had been improperly cancelled on the Warrant Division's computer. Deputy Urban requested and was accorded anonymous status. Thompson passed the information on to Falvey, and Falvey assigned Lieutenant Grace Tester to begin an internal affairs investigation. She discovered, by checking a back-up computer system, that warrants for two deputies, Gibbs and Dennis Healy, had been cancelled without authorization and that the warrant cards had been removed. Healy received his ticket on January 22, 1985, and the warrant was cancelled on June 13, 1985. The warrant for Gibbs was cancelled on August 21, 1985. There is no record of Pedersen's ticket.

Pedersen was originally confronted with the allegation that she was involved in the removal of warrants issued on unpaid parking tickets at a meeting on September 17,

Thomas J. Germscheid, Collins, Buckley, Sauntry & Haugh, St. Paul, Minn., for plaintiff.

Ralph W. Peterson, Asst. Ramsey County Atty., St. Paul, Minn., for defendants.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

This matter is before the court on the motion of the defendants for summary judgment. The court previously granted the defendants' motion to dismiss Pedersen's state law claims, but denied the motion to dismiss her Section 1983 claims, finding that Pedersen's complaint stated a claim for arbitrary and capricious termination, and defamation plus termination. Discovery has now been completed. Based on a review of the record and the submissions of the parties, the court holds that Pedersen has failed to create a genuine

1985 with George Katseres and Tester, officers in the Internal Affairs Division. Katseres informed Pedersen that she had a right to have her union representative present during questioning. Because the union steward had left for the day, the meeting ended.

The meeting resumed on September 20. Katseres questioned Pedersen in the presence of Jack Mogelson, business agent for the Teamsters local, Tom Hartman, union steward, and Tester. Pedersen was asked if she removed warrants from the computer, or knew of any other deputies involved in such activities. She said no. Katseres also asked her whether she had received a ticket for parking in one of the off-limits private lots. She said she had and that she had paid it. Finally, Pedersen was asked if she was working on the dates when the warrants had been cancelled. She was not sure. It was later determined that she was working on those days.

On September 24, 1985, Chief Deputy Falvey called Pedersen to a meeting at which Division Commander Thomas McPherson, Pedersen's supervisor, also was present. According to Falvey's affidavit, he informed Pedersen of the nature of the charges against her. Pedersen was told that he had information from an anonymous source that Pedersen had improperly cancelled warrants and/or fixed parking tickets; that two improperly cancelled warrants had been found; that Pedersen was working in the Warrant Division on the days those warrants were cancelled; that Pedersen had received a parking ticket on or about June 13, 1985, that she was angry about receiving it, and was overheard stating that she knew how to take care of it; that there was no trace of her ticket in the Traffic Violations Bureau; that Falvey did not believe Pedersen's claim that she had paid the ticket; and that Deputy Gerri Gibbs had stated to Internal Affairs investigators that Pedersen could take care of parking tickets. Pedersen was given an opportunity to respond. She denied having cancelled warrants and stated that she had paid her own ticket.

According to Pedersen's affidavit, Falvey confronted her with vague allegations of wrongdoing. When asked for specific information related to witnesses and evidence, Falvey denied the request.

Pedersen was informed at this time that she would be terminated after a five day suspension without pay. Falvey also informed her of her right to a hearing before the Civil Service Commission or, alternatively, to pursue the grievance procedures of the collective bargaining agreement.

Pedersen was suspended, along with Healy, and Gary and Gerri Gibbs. The suspension was reported in the St. Paul Pioneer Press on September 26. Sheriff Charles Zacharias was reported as saying that the four deputies "are men and women of the law, and they are held to a higher standard. They know how the system works and to break that trust is just outrageous." St. Paul Pioneer Press, September 26, 1985, at 4A.

Falvey sent Pedersen a notice of discharge, dated October 1, 1985, which reiterated the nature of the charges and the specific allegations. She was charged with violating personnel rule 38b(2), (5), (6) and/or (9).[1] The letter recited the following allegations:

> That on or about June 13, 1985, without authority or right, you did clear or did knowingly help or work with others to clear warrant, warrant card, and/or computer entry issued in the name of Dennis Healy, pursuant to an unpaid parking

---

1. Rule 38b provides for termination of an employee who, inter alia,
 (2) Has been guilty of an immoral or criminal act ...;
 (5) Has been guilty of conduct unbecoming an officer or employee of the County;
 (6) Has violated any lawful and reasonable official regulation or order, or failed to obey any lawful and reasonable direction made and given by his superior officer, where such

violation or failure to obey amounts to an act of insubordination or to a serious breach of proper discipline or resulted or might reasonably be expected to result in loss or injury to the County of to the public ...;
 (9) Has been guilty of an act which amounts to an act of insubordination, or to disgraceful conduct, whether such acts were committed while on or off duty;

ticket issued in the name of Healy on or about January 22, 1985, by the St. Paul Police Department. Said warrant, warrant card and computer entry were all cleared on or about June 13, 1985.

That on or about August 21, 1985, without authority or right, you did clear or did knowingly help or work with others to clear the warrant, warrant card, and/or computer entry issued in the name of Gary Gibbs pursuant to an unpaid parking ticket issued in the name of Gary Gibbs on a car registered to Gary Gibbs. Said ticket was issued by the St. Paul Police Department on or about June 13, 1985. Said warrant, warrant card, and computer entry were all cleared on or about August 21, 1985.

That it was the result of said unauthorized actions and/or your intention to erase or clear said records or to help or work with others to erase or clear said records such that the Sheriff's Department would be unaware that the warrants remained unpaid, the warrants would not be acted upon, and the fines would not be collected in the regular course of business against Dennis Healy and Gary Gibbs, or against Gerri Gibbs, wife of Gary Gibbs, who, as between husband and wife, is purportedly responsible for the car which had been illegally parked on June 13, 1985.

That you yourself admit receiving a parking ticket on your own car on or about June 13, 1985, and allege that you paid said ticket, but that no record of said payment can be found.

Falvey also, by this letter, provided detailed guidance on Pedersen's appeal options. He also informed her that she would be kept on the payroll for ten working days in order to provide an opportunity for her to reply, and that, should she respond, she would be paid for the additional days it would take for the department to respond to her reply.

Pedersen did not respond. She elected to pursue the grievance procedure established by the collective bargaining agreement.

In accord with the labor agreement, a third step grievance hearing was held, at Pedersen's request, on October 22, 1985. The purpose of the proceeding was to allow all parties an opportunity to address the issues. Falvey conducted the hearing. All four of the terminated deputies were present along with the union's business agent and the union's attorney. Falvey went over the allegations in detail. The record does not reflect what response, if any, was made.

An evidentiary hearing was held before an arbitrator on December 19, 1985. By telegram dated December 22, 1985, the arbitrator communicated his decision that the county "failed to prove, by any standard, the culpability of Ms. Pedersen...." He ordered that she be reinstated with full back pay and benefits. The county complied with this order.

The arbitrator issued a written opinion on February 26, 1986. He concluded that the county's evidence consisted of "hearsay, double hearsay, and 'beliefs'" and that "[t]his 'evidence', if such it be, is not sufficient to measure up to any required standard of proof." He held that the county violated the collective bargaining agreement when it discharged Pedersen.

Pedersen is currently employed as a Deputy Sheriff for the Ramsey County Sheriff's Department.

## ANALYSIS

Pedersen instituted this suit under 42 U.S.C. § 1983 for violation of her right to due process of law. Specifically, she alleges that the termination was arbitrary and capricious with no basis in fact, in violation of her right to substantive due process; that the termination was accompanied by defamation which has, *inter alia*, affected her reputation; and that she was not accorded sufficient procedural due process.

In May 1987, the plaintiff moved the court for partial summary judgment, and the defendants brought a motion to dismiss. The court denied the plaintiff's motion, and partially denied the defendants' motion, concluding that the Section 1983 counts should remain because the plaintiff stated claims for defamation plus termi-

nation and for arbitrary and capricious termination. The court took under advisement the defendants' motion to dismiss Pedersen's state law claims. Then, by a Memorandum and Order dated September 14, 1987, the court dismissed the state claims, finding that the claims were barred by the doctrine of discretionary immunity.

This matter is now before the court on the defendants' motion for summary judgment. This motion is not, as the plaintiff contends, a second motion for summary judgment. The defendants' earlier motion to dismiss was limited to the pleadings and the defendants' immunity arguments. Discovery has now been completed, and the court is in a position to determine what claims, if any, present genuine issues of material fact.

In seeking summary judgment, the defendants bear the initial burden of informing the court of the basis for their motions, and of identifying those portions of the pleadings, depositions, and affidavits which they believe demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In response, the plaintiff may not rest on her pleadings. The non-moving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

The judge's function at the summary judgment stage is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). That some facts are in dispute is not dispositive. The evidence must be sufficient for the finder of fact to return a verdict for the non-moving party. "[I]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. at 2511 (citation omitted).

The non-moving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts set out in the pleadings and affidavits. *Trnka v.*

*Elanco Products Co.,* 709 F.2d 1223, 1225 (8th Cir.1983).

## A. Section 1983

Section 1983 provides a remedy for a person deprived "of any rights, privileges, or immunities secured by the Constitution and laws ..." when that deprivation is effected under color of state law. 42 U.S. C. § 1983 (1982). State action is conceded in this case.

Pedersen seeks relief for violations of the due process clause. As the Supreme Court has made clear, "the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed. 2d 494 (1985).

In order for Pedersen to prove that she was deprived of her right to due process, she must first establish a legitimate claim of entitlement to an identifiable property or liberty interest. *Hughes v. Whitmer,* 714 F.2d 1407, 1414 (8th Cir.1983), *cert. denied sub nom.,* 465 U.S. 1023, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984). She alleges both a property and a liberty interest.

### 1. Property interest

■ Public employees have a property right in continued employment. *Riggins v. Board of Regents,* 790 F.2d 707, 710 (8th Cir.1986). The defendants concede that Pedersen had a legitimate entitlement to continued employment. Pedersen asserts her claims not as a terminated employee, but as a reinstated employee. She was deprived of her salary from mid-October to late December, 1985, and following reinstatement she received full back pay and benefits. The court must decide whether this temporary deprivation implicates her property interest in continued employment.

■ In *Campbell v. Maine,* 632 F.Supp. 111 (D.Me.1985), *aff'd,* 787 F.2d 776 (1st Cir.1986), the court held that a police officer, who had been discharged and later reinstated by the personnel review board, "failed to allege any deprivation of a prop-

erty interest actionable under 42 U.S.C. § 1983." *Id.* at 116. The officer filed a complaint with the review board. That body ordered him reinstated with back pay. "Thus state process provided Campbell with a remedy for his discharge." *Id. See also Thacker v. Whitehead,* 548 F.2d 634, 636 (6th Cir.1977) (per curiam) (court refused to exercise jurisdiction over claim of reinstated employee).

Implicit in this reasoning is the understanding that there are damages which do not rise to the level of a constitutional deprivation of property. As the Supreme Court observed in *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986):

> Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society.

Following a hearing, the arbitrator concluded that the Sheriff's Department had breached the collective bargaining agreement. The grievance process provided the remedy. To paraphrase *Daniels,* the breach of a collective bargaining agreement does not become a violation of the Fourteenth Amendment merely because the employer is a state agency. *Id. See also Lillehaug v. Sioux Falls,* 788 F.2d 1349, 1352 (8th Cir.1986) (involvement of governmental unit does not automatically convert contract action to § 1983 claim).

The court holds that it lacks jurisdiction over Pedersen's property claim because she has failed to allege a deprivation of a right to property which is cognizable under Section 1983.

### 2. Pretermination due process

The question of what process is due does not arise until the plaintiff establishes the deprivation of a protectable interest. As an alternate and independent ground for its holding that Pedersen has not been deprived of an interest in property without due process, the court holds that the County accorded Pedersen all the process that she was due.

*Loudermill* requires that an employee with a property interest in continued public employment may not be terminated without "some form of pretermination hearing." *Peery v. Brakke,* 826 F.2d 740, 742 (8th Cir.1987). Specifically, a pretermination hearing must provide:

> (1) oral or written notice of the charges against him or her, (2) an explanation of the employer's evidence, and (3) an opportunity to present his or her side of the story.

*Id.* at 743.

Pedersen contends that she was denied the opportunity to respond to the County's allegations because she was not given enough information on the County's evidence.

Both the hearing on September 24 and Falvey's October 1 letter are pretermination process because Pedersen remained on the payroll for ten working days after October 1. *Schaper v. Huntsville,* 813 F.2d 709, 714 n. 5 (5th Cir.1987). It is Pedersen's recollection that Falvey did not give her the specifics of the charges, other than vague allegations of wrongdoing, at the September 24 hearing. Falvey, on the other hand, recalls having outlined some very specific conduct and circumstances. For purposes of this motion, the court accepts Pedersen's affidavit, and concludes that the September 24 hearing did not adequately apprise her of the evidence.

Falvey followed up the hearing with a letter of dismissal. The content of that letter is not in dispute. Falvey informed Pedersen that she was being dismissed for the unauthorized removal of two warrants from the department's records. The first warrant was removed on June 13, 1985. The second warrant was removed on August 21, 1985. Falvey also indicated that he did not believe Pedersen's contention that she had paid her parking ticket because no record of payment could be found.

The issue before the court is whether the October 1 letter provided an explanation of the County's evidence sufficient to meet the requirements of pretermination due process.

■ Pretermination process is intended to provide an "initial check" against mistaken decisions. It is not the final decision on the merits of the dispute. *Peery,* 826 F.2d at 743. It provides the employee the "right of reply" so as " 'to invoke the employer's discretion,' his sense of fairness and mutual respect, his willingness to reconsider." *Duchesne v. Williams,* 849 F.2d 1004, 1008 (6th Cir.1988) (dismissed public employee not entitled to pretermination hearing before neutral decision maker).

■ The Constitution does not require an evidentiary hearing prior to termination. *Loudermill,* 470 U.S. at 545, 105 S.Ct. at 1495. "[I]f basic aspects of notice and an opportunity to be heard are provided, and a more formal hearing is available to the employee after discharge, ... pretermination procedures need not be elaborate to satisfy due process." *Peery,* 826 F.2d at 743.

■ Pedersen had notice of the wrongful conduct, she was given an opportunity to respond, and she received a hearing before a neutral arbitrator following discharge. Pedersen argues that she was entitled to more elaborate pretermination process. Specifically, she suggests that she could have changed Falvey's mind if the informant would have been disclosed to her. It is Pedersen's position that the refusal to disclose the informant rendered the pretermination process deficient.

Bradley Urban, another deputy sheriff, was not disclosed as the informant until 1987. He had told an investigator in September 1985 that Dennis Healy had admitted to him that Healy and Pedersen had cancelled warrants. When this came out, in June 1987, Healy admitted his role, but denied that Pedersen had any role in the scheme.

Pedersen contends that, had Urban been disclosed prior to her termination, she would have confronted Healy and he would have cleared Pedersen. She ignores the fact that Healy was also under investigation, and that, on September 17, 1985, Healy had denied having any knowledge of this scheme. Pedersen goes far beyond specu-

lation when she suggests that Healy would have changed his complete denial to an admission of wrongdoing in less than two weeks, and that his changed testimony could have cleared Pedersen.

The assumption underlying Pedersen's argument is that an employee has the right to scrutinize the employer's case prior to termination. However, such a requirement would transform the pretermination "right of reply" hearing into a full evidentiary hearing. The cancelling of warrants is, by its nature, an accusation which is difficult to disprove. Burdens of proof and witness credibility are key. Pedersen was told of the specific misconduct and she was told of the dates on which that misconduct occurred. She responded by denying any knowledge of, or role in, the scheme. Falvey found the hearsay and circumstantial evidence more persuasive than her denial.

The cancelling of warrants is also difficult to prove. This weighed in Pedersen's favor at the arbitration hearing. Her inability to disprove the charge does not indict the pretermination procedures. It points to the importance of a neutral, post-termination hearing.

### 3. Liberty interest

■ To establish a liberty interest, Pedersen must show that the reasons for discharge stigmatized her, and that the County made those reasons public. *Hogue v. Clinton,* 791 F.2d 1318, 1322 (8th Cir.) *cert. denied,* 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986). The St. Paul paper reported on the suspensions of Pedersen and three other deputies. The paper quoted Sheriff Charles Zacharias as stating that the deputies had "broken the trust...." This was a sufficiently stigmatizing comment to invoke the protection of the due process clause. Pedersen was entitled to a pretermination name clearing hearing. *Id.* at 1323, citing *Loudermill,* 470 U.S. 532, 105 S.Ct. at 1488.

■ The court has already held that Pedersen received a pretermination opportunity to respond to the charges which met the requirements of *Loudermill.* Further, the

court notes that Pedersen is a reinstated employee. She received a post-termination name clearing hearing, and she also received a name clearing. The arbitrator concluded that the County had failed to prove its case against her. She received reinstatement and vindication. The process worked for her. *See also In re Selcraig*, 705 F.2d 789, 796 (5th Cir.1983) (process due is opportunity to refute stigmatizing charges).

▮ Pedersen argues that the arbitration was a hollow victory because of comments made by an assistant county attorney, after the arbitration hearing, suggesting that the County would have proved its case if the informant would have testified. Pedersen claims to have been stigmatized by the attorney's comments. This claim does not tarnish the arbitration hearing. It is a second claim of defamation.

▮ Pedersen, at that point in time, had been reinstated. Like any current public employee who has been stigmatized, she does not have a right to a name clearing hearing. "[W]ithout a change of legal status, a stigmatized public employee's cause of action is simply one for defamation under state law and is for the state courts to entertain." *Hughes v. Whitmer*, 714 F.2d 1407, 1417 (8th Cir.1983), *cert. denied sub nom.*, 465 U.S. 1023, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984). Any comments made following her reinstatement do not implicate the Due Process Clause.

### 4. Substantive due process

Pedersen argues that her firing was arbitrary and capricious with no basis in fact. She contends that she was made to be the scapegoat for a department-wide parking problem. This claim is the primary focus of Pedersen's complaint.

The Eighth Circuit has yet to recognize a substantive due process right to be free from arbitrary and capricious state action. *Moore v. Warwick Public School Dist.*, 794 F.2d 322, 329 (8th Cir.1986). The court indicated that the Eighth Circuit would clarify the issue in *Lemke v. Cass County*, 846 F.2d 469 (8th Cir.1987) (per curiam) (en banc). However, the Circuit in *Lemke* did not reach the issue of "[w]hether a substantive due process claim may arise from a denial of a zoning permit...." *Id.*, at 470.

▮ In *Moore*, a public employment dispute, the court reached the merits of the substantive due process claim after acknowledging the uncertain status of the theory. Drawing on the guidance of *Harrah Independent School District v. Martin*, 440 U.S. 194, 99 S.Ct. 1062, 59 L.Ed.2d 248 (1979) (per curiam), the court observed that the Supreme Court "necessarily recognized a substantive due process right to be free from arbitrary and capricious state action in this particular context" (i.e., public school employment). *Moore*, 794 F.2d at 329. This court paraphrases the standard set out in *Harrah* and *Moore* as follows: A public agency's action is endowed with a presumption of validity, and the burden is on the employee to show that there is no rational connection between the agency's action and the interest purportedly advanced by that action. *Id.*

▮ Pedersen bears a heavy burden of proof. The fact that the arbitrator held that the Sheriff had not proven his case "by any standard" does not lighten her burden. She argues that the arbitrator's decision collaterally estops the Sheriff from challenging her contention that the termination was arbitrary. This argument misconceives the purpose of the Due Process Clause. At the very least, the decision to terminate does not preclude consideration of this issue because it was not a final decision on the merits. *Peery v. Brakke*, 826 F.2d 740, 743 (8th Cir.1987).

The Sheriff has a responsibility to maintain the integrity of his department. Allegations of "ticket fixing" are a serious threat to the credibility of the department. Deputy Sheriff Falvey was presented with obvious misconduct in the department, and hearsay and circumstantial evidence, already outlined above, which implicated Pedersen. That evidence, though not sufficient when the burden of proof rested on the County, does bear a rational connection to the County's interest in maintaining the

integrity of its Sheriff's Department. Pedersen's termination did have a basis in fact. The burden of proof is on Pedersen, and she has failed to create a genuine factual dispute on the lack of a rational basis for the decision.

 As an alternate and independent ground for the court's rejection of Pedersen's substantive due process claim, the court holds that Pedersen received the process due following the alleged arbitrary termination.

Had Pedersen established that there was no rational connection between the decision to dismiss and the County's interest, what would she have proven? Would she establish a violation of due process without regard to the process provided, or would she establish a deprivation of a property interest, thus shifting the inquiry to the question of what process is due?

The Supreme Court recognized, in *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986), that there are certain rights—life, liberty, and property—which cannot be deprived without due process, and that there are certain rights which cannot be deprived "regardless of the fairness of the procedures....":

> By requiring the government to follow appropriate procedures when its agents decide to "deprive any person of life, liberty or property," the Due Process Clause promotes fairness in such decisions. And by barring certain government actions regardless of the fairness of the procedures used to implement them, *e.g., Rochin* [*v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952) (stomach pumping) ], it serves to prevent governmental power from being "used for purposes of oppression."

*Id.* (final citation omitted).

Judge Arnold, in his concurring opinion in *Lemke v. Cass County*, observed that the notion of substantive due process

> takes a clause of the Fourteenth Amendment that quite clearly states that one can be deprived of his or her property, so long as due process is observed, and converts it into a command that, in some difficult-to-define circumstances, proper-

ty cannot be taken at all, no matter what process is observed.

846 F.2d at 471.

 The right to public employment does not reside in the Constitution. It is a creature of state law. Quite clearly, public employment is not an entitlement which cannot be taken at all, no matter what the process. Therefore, a public employee who establishes that he was terminated for reasons having no rational connection to the employer's interest may have proven an arbitrary deprivation of property, but he or she has not proven, without an inquiry into process, a violation of the Due Process Clause.

Procedural due process protects against deprivations of liberty or property without due process. Substantive due process seems to protect against arbitrary deprivations of liberty or property, regardless of the process. Substantive due process ought to be limited to those situations where either the right is fundamental, or where the process is fundamentally flawed.

*Loudermill* holds that, in the context of public employment:

> the pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.

470 U.S. at 545–46, 105 S.Ct. at 1495.

For the pretermination process to be valid, the employer must have reasonable grounds to believe the charges against the employee.

Pedersen seeks to use her substantive due process count to relitigate the merits of Falvey's decision to terminate her. She argues that there were no reasonable grounds for the charges, i.e., no rational connection.

Her theory is that an arbitrary decision to terminate is a substantive violation of due process, regardless of the process provided to remedy the deprivation. In other

words, if a plaintiff can establish that the termination decision was arbitrary, then the Due Process Clause is no longer concerned with process. The inquiry ends at fairness. An unreasonable decision to terminate may amount to a deprivation of property. But the termination itself is a deprivation, and the fact that the termination is arbitrary does not confer on the employee an additional right so sacrosanct that no procedural remedy can vindicate it.

■ Once a dismissed employee establishes the deprivation of a legitimate entitlement, the focus shifts to the process due. In the case of an arbitrary termination, i.e., a "substantive" violation, the provision of a prompt post-termination hearing meets the requirements of due process. *Schaper v. Huntsville*, 813 F.2d 709, 718 (5th Cir.1987).

Errors in personnel decisions are inevitable, and the Due Process Clause "is not a guarantee against incorrect or ill-advised personnel decisions." *Bishop v. Wood*, 426 U.S. 341, 350, 96 S.Ct. 2074, 2080, 48 L.Ed. 2d 684 (1976). Due process is denied "only if the state fails to provide adequate machinery for the correction of the inevitable errors that occur …" in personnel decisions. *Cohen v. Philadelphia*, 736 F.2d 81, 86 (3d Cir.), *cert. denied*, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984), quoting *Ellis v. Hamilton*, 669 F.2d 510, 514 (7th Cir.), *cert. denied sub nom.*, 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982).

Had Pedersen created a factual dispute on the arbitrariness of the termination decision, she would still fail to state a claim for a due process violation because the County provided process to redress the deprivation.

In conclusion, the court holds that Pedersen has failed to create a genuine issue of material fact on any of the claims. She has failed to establish the deprivation of a property interest. The evidence provided by the County afforded her a sufficient opportunity to respond. The disclosure of the informant would not have changed the outcome of the termination hearing, even assuming that Pedersen was entitled to such a disclosure prior to termination. Pedersen's liberty interest was afforded the pro-

cess due. Not only did she receive a name clearing hearing, she received a name clearing. Finally, the claims of substantive due process fail because the termination was rationally connected to the interests advanced. Even if not, Pedersen received the process to remedy that deprivation.

Accordingly, IT IS ORDERED that the defendants' motion for summary judgment is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.